## Schweitzer v. Quaker City Cab Co., Appellant.

*Negligence—Automobiles—Taxicab—Pedestrian at street crossing—Contributory negligence—Case for jury.*

Where a pedestrian is run down by a taxicab while he is standing, on a dark and wet night, in the street at a crossing waiting for a street car, and there is evidence tending to show that the chauffeur did not have his automobile under proper control and did not exercise reasonable care under the circumstances, the questions of the contributory negligence of the person injured, and the negligence of the chauffeur, are for the jury.

Argued January 12, 1921.  Appeal, No. 105, Jan. T., 1921, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1919, No. 3917, on verdict for plaintiff, in case of Charles Schweitzer v. Quaker City Cab Co.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before FERGUSON, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*George Ross,* with him *C. William Freed,* for appellant.

*William A. Gray,* for appellee.

PER CURIAM, February 14, 1921:

At about 4:40 a. m., on October 22, 1919, Charles Schweitzer, plaintiff, left the footway on the southwest side of Lancaster avenue, a double-tracked street, in the City of Philadelphia, and walked over Lancaster avenue to a point beyond the far rail of the westbound trolley line. He stood about two feet from the rail, and a few feet east of Sloan street, which crosses Lancaster avenue between 39th and 40th streets, and is not a regular car-stop. It had been raining. It was misty, wet, and still dark; but there was an arc light in the centre of the avenue, just over where plaintiff was standing, and another, at the side of the street, not far away. Plaintiff, after looking in both directions, stood for a minute, facing the trolley track, with his head turned east, watching an approaching westbound street car, which usually stopped at this point each morning, to take him to his place of employment with the trolley company. He could see the approaching car, some 280 feet away, and said he saw no other vehicle coming from that direction. Something attracted plaintiff's attention, and he turned his head in the opposite direction; at that moment he was struck on the left side by a taxicab belonging to defendant, which was traveling in the same direction as the street car, and was seen, by a passenger on the car, approaching the latter, when it was more

than 280 feet from the point of the accident; the cab "picked up speed" and passed the car.

The motorman testified that he stopped his car at Spring Garden street and Lancaster avenue, the place where plaintiff saw it standing; that, from this point, he could see Schweitzer coming across Lancaster avenue; that he then noticed plaintiff standing where he was subsequently hit, until the car was probably half way to Sloan street, when, all of a sudden, Schweitzer disappeared; that he observed the injured man slide across the track, and immediately afterwards saw the automobile standing, swung around in the general direction of the car; that his car was traveling at a rate of speed between ten and twelve miles an hour. There was other testimony that the automobile passed the car while the latter was going about twelve miles an hour. Plaintiff estimates the speed of the motor at from fifteen to twenty miles an hour, and a passenger on the car said the taxi was going so fast he lost sight of it between the time it passed the car and struck plaintiff.

The case was for the jury, to determine the alleged negligence of defendant and the contributory negligence of plaintiff; as to the former, the jurors might well have found, as they no doubt did, that since the accident happened at a street crossing, defendant's chauffeur did not have his automobile under the control which the rules of law and reasonable care required *at such a point.*

The assignments of error are overruled and the judgment is affirmed.