[S. F. No. 13411. In Bank.—January 26, 1931.]

CATHERINE LA SANCE, as Executrix, etc., Respondent,
v. JAMES L. CASEY, Appellant.

Redman & Alexander and Redman, Alexander & Bacon for Appellant.

Daniel A. Ryan and Thomas B. Dozier for Respondent.

WASTE, C. J.—This action, instituted by plaintiff's testate, Christopher J. La Sance [hereinafter referred to as the plaintiff or respondent], for damages for personal injuries received by him when struck by defendant's automobile, resulted in a verdict and judgment for $9,000 in favor of plaintiff. Defendant appeals.

An extended statement of the facts of the case is unnecessary. It is sufficient to say that plaintiff and his wife had alighted from a street-car at a transfer point, and were standing on a "safety station" awaiting the arrival of the car to which they intended to transfer; and that defendant, in changing the course of his automobile, made a turn in such manner that the front wheel of his car could not clear the safety station, but was carried over the curbing, the bumper of the automobile striking plaintiff and throwing him to the ground, causing the injuries which form the basis of this action. Defendant contended at the trial that he was not negligent in operating his automobile, but that the brake on the right wheel dragged and interfered with the turn, causing the car to swerve over the curbing of the safety station. He charged the plaintiff with being contributorily negligent. The only errors urged as grounds for reversal relate to the giving of certain instructions and

the refusal of the court to give other instructions requested by the defendant.

Appellant's objections to the instructions of the court with reference to the burden of proof, preponderance of evidence, *prima facie* negligence, and contradictory evidence are without merit. These instructions, read as a whole, appear to be full, clear, and, in our opinion, quite fair to appellant.

The court stated the law as to the necessity for adequate brakes on a motor vehicle operated on the public highway. Appellant urges that this instruction implied that there may have been some evidence that there was undue delay in stopping his machine and that the giving of this instruction, without any qualification as to appellant's lack of knowledge of the defect in his brake, "led them [the jury] to believe that the appellant was an insurer of his brakes and to believe that this law applied to brakes which worked unevenly as well as to brakes inadequate to stop the machine", and was clearly erroneous. He also complains of the refusal of the court to give his requested instruction as to unavoidable accident. The court, however, did state to the jury that the mere fact that an accident occurred did not, of itself, raise any presumption that defendant was careless, or negligent in driving his car. Furthermore, instruction X, which was decidedly favorable to appellant, fully answers both of the objections raised by him. It reads: "If you find that the defendant Casey was driving his automobile with ordinary care and prudence, and if you also find that the accident was entirely due to the fact that one of the brakes on the automobile dragged and thereby caused Mr. Casey to run the automobile upon the safety station; and if you further find that Mr. Casey was not careless or negligent in any manner, then he is exonerated from any liability in this case and your verdict must be in his favor."

Appellant next complains of the court's instruction with reference to the credibility of witnesses, wherein the court failed to instruct the jury that a witness is presumed to speak the truth (Code Civ. Proc., sec. 1847), for which reason, he contends, the instruction did not properly state the law. Counsel for respondent points out that appellant

did not ask for such an instruction. Section 2061 of the Code of Civil Procedure, setting forth specific matters on which the court should instruct a jury, on proper occasions, does not provide for an instruction that a witness is presumed to speak the truth. Therefore, the instruction not having been requested, appellant cannot assign the mere failure of the court to give it as error sufficient for reversal. (See *People* v. *Fowler*, 178 Cal. 657, 663 [174 Pac. 892].)

The appellant pleaded contributory negligence on the part of the respondent, and requested the court to instruct the jury on that point. The court, however, refused all instructions as to that issue. Appellant asserts that, under the facts of this case, "this was certainly reversible error". The safety station where the accident occurred was not uniformly constructed; that is, there was a gradual decline on the southerly end, on which portion the respondent and his wife stood awaiting the arrival of the street-car. Appellant contends that it cannot be said that a person, so standing upon this low end of the structure, "the one dangerous part of this station, the one place where he had no business, and maintaining no watch whatsoever, was exercising due care"; and that the question of the negligence of respondent was a question for the jury. Under the undisputed facts of the case, we cannot see how the question of contributory negligence enters into the consideration. The traveling public has the right to assume that a safety zone or station is what its name implies, namely, a place of safety reserved for those waiting to board or depart from street-cars at that point, "an area or space set apart . . . for the exclusive use of pedestrians . . . ". (Sec. 23½, California Vehicle Act [added 1929], Stats. 1929, p. 510.) Furthermore, it appears from the evidence that respondent, being unacquainted with the district, had inquired of the motorman of the "K" car before alighting where he and his wife should wait in order to board the "M" car to which they intended to transfer, and were told to remain where they were standing at the time of the accident. While it may not be said that a person on a safety station may stand idly by and make no attempt to avert or avoid threatened injury, we do not find in the evidence any indication that such was the fact in this case. It was not error, therefore, for the trial court to refuse to

allow the question of contributory negligence on the part of the respondent to be submitted to the jury. The proximate and negligent cause of the accident appears to have been an error of judgment on the part of appellant in believing that the front wheel of his automobile would clear the curb, since the evidence indicates that the car stopped immediately when the brakes were applied.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Preston, J., Seawell, J., and Richards, J., concurred.

Rehearing denied.