Cervinka *v.* Horlacher Delivery Service, Appellant.

Argued January 18, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Richard H. Klein,* with him *Charles M. Clement,* for appellant.

*Samuel Gubin,* of *Cummings & Gubin,* with him *Louis Cohen,* for appellee.

PER CURIAM, March 20, 1933:

Defendant appeals from the judgment of the court below overruling its motion for judgment n. o. v., in plaintiff's action of trespass to recover damages for personal injuries. Reading the testimony in the light most favorable to plaintiff, we find she was struck while waiting, at 11:30 o'clock at night, to board a trolley car, at a usual and customary stopping place, in the village of Brady, Northumberland County. The trolley tracks ran along the south side of the highway, referred to as Main Street, between the cartway and sidewalk, the former being twenty feet wide. Plaintiff had been standing on the sidewalk on the south side of the street, intending to take a westbound car. To board the approaching car, she was obliged to cross the trolley track, and having done so, was standing about two feet distant from the track, and fourteen feet east of a street intersecting Main Street, when defendant's truck, coming from the west at a speed of thirty to thirty-five miles an hour, struck and injured her.

Plaintiff's witnesses testified she stood for a minute or two looking toward the trolley, and that the street was clear of traffic, with nothing to obscure the truck driver's vision, his lights being on. The truck driver testified that he was blinded by the lights of the trolley car and of an automobile parked on the north side of Main Street, and did not see plaintiff in time to avoid hitting her. In such a situation his duty was to reduce the speed of his truck so as to be able to stop immedi-

ately, if necessary, to prevent an accident (Wilhelm v. S. & S. Ry. Co., 281 Pa. 69, 73; Farley v. Ventresco, 103 Pa. Superior Ct. 98, 102); this he failed to do. That the driver was perfectly familiar with the location, is evident from the fact that for two and one-half years he had traveled the road twice daily, six days each week.

On the question of plaintiff's contributory negligence, there was evidence from which the jury could and evidently did conclude that Mrs. Cervinka did not appear suddenly and without warning in the highway, in front of the truck, as contended by defendant, but had taken her position at the side of the road, at a regular trolley stop, in ample time for the truck driver to see and avoid her, had he been attentive to the road.

Appellant raises a question of variation between the allegations of the statement of claim and plaintiff's proofs, which it argues should prevent plaintiff's recovery. A careful examination of the record fails to reveal any variation that can, under the circumstances, be regarded as material.

The judgment is affirmed.