Smith, Appellant, *v.* Shatz.

Argued April 20, 1938.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*George F. Douglas,* for appellant.

454

*Maurice A. Granatoor,* with him *Norman L. Plotka,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 30, 1938:

Plaintiff was a passenger on a trolley car westbound on Girard Avenue, in the City of Philadelphia, on the 13th day of December, 1933, about 7:15. o'clock p. m., when the conductor informed him and the other passengers that the car would proceed no further west on Girard Avenue than Forty-first Street, and that they should alight there and take the next car. Plaintiff's destination was Sixty-third Street and Girard Avenue. Thereupon he and two other passengers, a man and a woman, left the car and stood in the cartway of Girard Avenue close to its intersection with Forty-first Street. At the place where he awaited the car, he was about two feet north of the westbound trolley rail. The other male passenger disappeared from view, but the woman passenger continued to wait a short distance to the east of plaintiff.

The weather was clear at the time, but there had been rain and snow earlier in the day, and the streets were covered with ice and sleet. Plaintiff testified that as he stood at the intersection of the two streets, he saw the trolley car in which he had been riding make the turn north into Forty-first Street; then he glanced at the trolley switch there, and just as he turned his head to the east to see if another trolley was approaching, he was struck by defendant's automobile and dragged some eight or ten feet. According to plaintiff it was a matter of seconds only between the time he alighted from the trolley car, stood within the crossing, and the time he was struck, although he states that the trolley had completed its turn into Forty-first Street before he looked to the east.

Plaintiff was struck by the front of the car and managed to "grab hold of it." When the automobile stopped he fell to the ground, then raised himself upon his elbow,

and observed the body of the woman passenger lying in the cartway some ten or twelve feet to the east of defendant's car. The record shows that the intersection was adequately lighted, and that it was clear of traffic, with nothing to obstruct the view.

The defendant was driving westward on Girard Avenue between the north car rail and curb. When called on cross-examination by plaintiff, he testified that at the time of the accident he was proceeding at a moderate rate of speed, and noticed the plaintiff and a woman standing near the north rail of the car tracks, when he was about thirty-five or forty feet distant from them; that after he had sounded his automobile horn several times the woman started to walk toward the north curb. She slipped and fell in front of his car. Defendant did not admit or deny striking the plaintiff, but asserted that he was not aware of any impact upon his car. He does admit, however, that when he came to a stop, plaintiff was lying upon the ground in front of the automobile.

The injuries sustained by plaintiff were serious in character, and it was alleged by him that he has been unable to work since the accident occurred. At that time he was employed as a watchman by a storage battery company.

Upon conclusion of plaintiff's evidence, the defendant moved for a nonsuit, which was refused by the court below, and the case was submitted to the jury without any testimony on behalf of defendant, except that given when he was called upon cross-examination. The jury returned a verdict in favor of plaintiff, whereupon defendant filed the usual rule for a new trial and moved for judgment non obstante veredicto. A new trial was refused by the court en banc, which reached the conclusion that, while the defendant may have been at fault, the plaintiff was guilty of contributory negligence. Accordingly judgment was entered in favor of defendant, from which plaintiff has taken this appeal.

456

We have often said that the presence of pedestrians within an intersection is to be anticipated by the operator of an automobile approaching a street crossing, who must be alert, and have his car under such control that he can stop at the shortest possible notice, or alter its direction, in order to avoid striking them: *Eckert v. Merchants Shipbuilding Corp.*, 280 Pa. 340; *Johnson v. French*, 291 Pa. 437; *Newman v. Protective M. S. Co.*, 298 Pa. 509; *Goodall v. Hess*, 315 Pa. 289; *Logan v. Bethlehem City*, 324 Pa. 7; *Maselli v. Stephens*, 331 Pa. 491.

There is no lack of evidence here to show the manner in which the accident occurred, as it definitely appears from the record where plaintiff was standing at the time he was struck, and the length of time he had been in such position, and what he was doing. (See *Brooks v. Morgan*, 331 Pa. 235. Defendant does not contend that plaintiff stepped into the path of his oncoming automobile so suddenly that he had not sufficient time to avoid the accident. He admits that plaintiff was standing in plain view upon the street at least thirty-five or forty feet distant, when his presence was first noticed.

It is well settled that to run down a pedestrian who has been standing upon the highway in plain view for a sufficient length of time to have been seen and avoided is evidence of negligence on the part of the driver of an automobile: *King v. Brillhart*, 271 Pa. 301; *Rankin v. Ward Baking Co.*, 272 Pa. 108; *Robb v. Quaker City Cab Co.*, 283 Pa. 454; *Beyrent v. Kaplan*, 315 Pa. 353. The testimony in the present case justifies the finding that the accident could have been avoided had the defendant been vigilant and exercised due care as he came to the intersection of the two streets. His attempt to deny that it was his car that struck plaintiff is not convincing, and evidently was given no credence by the jury. Its verdict establishes the fact that he did not have his automobile under proper control at the time of the accident, and he was therefore negligent.

We cannot agree with the conclusion reached by the court below that plaintiff was guilty of contributory negligence as a matter of law. The cases relied upon in reaching that result are not directly applicable to the facts here present.* It seems to us that this case is ruled by our decisions in *Schweitzer v. Quaker City Cab Co.,* 269 Pa. 291; *Cervinka v. Horlacher Delivery Service,* 310 Pa. 504; and *Morin v. Kreidt,* 310 Pa. 90. The facts in these three cases more closely resemble those of the instant case. In the *Schweitzer* case the plaintiff stood in the cartway of a street at a crossing waiting for a trolley car which was approaching the place some two hundred and eighty feet away. As he looked for a second in the opposite direction, he was struck by a taxicab traveling in the same direction as the street car, and attempting to pass it. In sustaining a verdict for plaintiff we said (p. 293) : "The case was for the jury, to determine the alleged negligence of defendant and the contributory negligence of plaintiff; as to the former, the jurors might well have found, as they no doubt did, that since the accident happened at a street crossing, defendant's chauffeur did not have his automobile under the control which the rules of law and reasonable care required at such a point."

In the *Cervinka* case, supra, upon a similar state of facts, we said (p. 506) : "On the question of plaintiff's contributory negligence, there was evidence from which the jury could and evidently did conclude that Mrs. Cervinka did not appear suddenly, and without warning in the highway . . . but had taken her position at the side of the road, at a regular trolley stop, in ample time for the truck driver to see and avoid her, had he been attentive to the road." In *Morin v. Kreidt,* supra, we reversed a judgment n. o. v. for defendant, and held that

---

* The cases cited in the opinion of the court below are: *Harris v. Commercial Ice Co.,* 153 Pa. 278; *McAvoy v. Kromer,* 277 Pa. 196, and *Clark v. Pittsburgh Railways Co.,* 314 Pa. 404.

the issues of fact were for the jury to decide. We said (p. 97) : "It cannot be judicially declared that the deceased was guilty of contributory negligence because he stood in the cartway of Broad Street directly in the path of the oncoming truck at a time when the truck was at least fifty feet away. Such an act on the part of the deceased might or might not have been negligence, depending on the circumstances."

When the plaintiff alighted from the trolley car, he was lawfully upon the street and entitled to rely upon the exercise of reasonable care by drivers of motor vehicles to avoid striking him: *Adams v. Fields,* 308 Pa. 301; *Polonofsky v. Dobrosky,* 313 Pa. 73; *Dempsey v. Cuneo E. Press Ink Co.,* 318 Pa. 557. Whether it was plaintiff's duty, as defendant contends, to proceed immediately to the curb, and there to await the trolley car, or whether he was contributorily negligent in standing in the cartway at the trolley rail, are questions for the jury to determine, and judgment in favor of the defendant should not have been entered by the court below.

The judgment of the court below is reversed, and it is ordered that judgment for the plaintiff be entered on the verdict.