Derricotte, et vir, *v.* Ulitsky, Appellant.

Argued November 30, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Walter B. Gibbons,* with him *Benjamin H. Levintow,* for appellant.

*John Francis Williams,* with him *Herbert E. Millen,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 7, 1946:
This is an action in trespass by Helen Derricotte and Lawrence Derricotte, her husband, appellees, against Max Ulitsky, individually and trading as M. & E. Distributing Co., appellant, to recover for injuries sustained when the wife-appellee, while within a safety zone and about to board a trolley car, was struck by appellant's

truck. A jury returned a verdict in favor of appellees in the sum of $10,000. Appellant's motion for a new trial was granted because of the jury's failure to find separate verdicts. This appeal is from the refusal of the court below to grant its motion for judgment *non obstante veredicto.*

On December 3, 1943, about 9:15 A. M., at Erie Avenue, east of Germantown Avenue, Philadelphia, Helen Derricotte, appellee, was standing in a safety zone waiting for a westbound Erie Avenue trolley car, a Route 56 car. The day was clear and the streets were dry. She was on her way to her place of employment. The safety zone, recognized as such for a number of years, was marked at each end by iron standards set four feet from the rail and 100 feet apart. Appellee-wife stood in the safety zone two or three feet from the trolley track and waited for a minute or two when No. 53 and No. 56 cars approached. The No. 56 car was in the rear. As the cars entered the safety zone appellee-wife walked east three or four feet. The cars did not stop where she had anticipated and appellee was required to retrace her steps. She had taken only one or two steps when the body of appellant's truck struck her right shoulder, spinning her around and throwing her to the street. The left rear wheel of the truck ran over her legs. There was a blood spot with pieces of flesh around it on the street 20 feet east of the crosswalk on Germantown Avenue and four feet from the west-bound trolley rail.

Appellant's truck was a 1940 International, and had a stake body about eight feet wide. The driver, Henry H. Behrman, had been waiting for the traffic light to change. A witness for appellee testified that after the light changed appellant's truck had attained a speed of 20 or 25 miles per hour when there was a scream. Behrman, having heard this scream, stopped immediately, got out, and found appellee-wife's legs under the left rear wheel of the truck.

Appellant contends that (1) there is not sufficient evidence to permit a finding by a jury that the driver of the truck was negligent, and (2) the cause of the accident was purely conjectural. Considering the evidence in the light most favorable to appellee, there was ample evidence to justify a finding by the jury that Behrman was negligent in the operation of the truck. Admittedly, he was only six feet away from the first trolley rail. He stated that he might have been a half a foot nearer. He would, therefore, have been only one and one-half feet from the safety zone. The truck which he was driving had a stake body. Appellee-wife testified that she was within the zone when some part of appellant's truck struck her and spun her around. The fact that the blood spot on the street was only four feet from the first trolley rail is further evidence that she was within the safety zone when hit.

A safety zone, as the name implies, indicates an area within which pedestrians may wait for public transportation with reasonable assurance that they will not be run down by passing traffic. Its existence is notice to drivers of vehicles that they may not invade the area nor come so unreasonably close that the life or limb of any person therein will be endangered. See *Metcalf v. Peerless Laundry & Dye Co.*, 215 Mich. 601, 184 N. W. 482. One who drives in such close proximity to a safety zone that the body of his truck strikes a person lawfully therein cannot be heard to say that the evidence is insufficient to warrant a finding of negligence.

Appellant argues that the cause of the accident is purely conjectural for the reason that the only part of the truck which actually came in contact with appellee's legs was the left rear wheel. This presupposes that that was the only part of the truck which came in contact with her. It is argued that the wife might have been jostled by the side of the trolley. The rule that where a defendant is responsible only for one of two or more causes and it is equally probable that the accident might

312

have resulted from either there can be no recovery, has no application here. There is the positive testimony of Mrs. Derricotte that she was struck on the shoulder by the truck, spun around, and knocked down on the street. Appellant's argument could be made only if the testimony of Mrs. Derricotte were completely ignored. This cannot be done.

The contributory negligence of the wife-appellee is not before us and we need not pass upon the degree of care to be exercised by pedestrians within a safety zone. See *Metcalf v. Peerless Laundry & Dye Co.*, supra; *La Sance v. Casey*, 211 Cal. 383, 295 Pac. 520; *Smith v. Shatz*, 331 Pa. 453, 200 A. 620. The court below properly submitted the question of appellant's negligence to the jury.

Judgment affirmed.