# Anderson *v.* Wood, Appellant.

*Negligence — Automobiles — Running down pedestrian between crossings.*

1. Vehicles have the right-of-way on the portion of the highway set aside for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians; on the other hand, between crossings, drivers are not held to the same high standard of care, although, of course, they must be constantly on the lookout for the safety of others.

2. A pedestrian cannot be held to be negligent, as a matter of law, when he attempts to cross a street between the regular crossings, but in exercising this right, he must have due regard to the conditions of the traffic before he enters the cartway. If he deliberately attempts to cross the street when vehicles are rapidly approaching close by, and injury results, ordinarily, he will be chargeable with such carelessness as to prevent a recovery of damages; but, having observed the traffic, and it being far enough away that a pedestrian using due care would deem it safe to go across in front of the approaching traffic, he is under no fixed duty to look back.

3. Damages may be recovered for the death of a pedestrian run down by an automobile where the evidence tends to show that the deceased started to cross a street at a point from eighty to ninety feet from the crossing; that when he was seen in the cartway the defendant's automobile was more than one hundred feet away from him, approaching on the side of the street the deceased was then crossing; that no machine or vehicle was between the driver of the car and the deceased; and that each had an unobstructed view.

4. In such a case it was not negligence for the deceased to attempt to cross, and that he did not use due care after leaving the sidewalk was for defendant to establish, unless it appeared from the plaintiff's evidence. It was not necessary for the plaintiff to show that the deceased looked from right to left after he left the side-

walk. The presumption is that he did that which a prudent man would do under the circumstances, and that he continued to do so until the accident took place.

5. Speed is not the only element that enters into the question of negligence, and, regardless of it, a car may be under such imperfect control as to amount to negligent operation, and evidence of it would sustain the charge of negligence.

Argued Jan. 13, 1919. Appeal, No. 80, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1914, No. 2297, on verdict for plaintiff in case of Blanche E. Anderson, Administratrix of the Estate of John A. Anderson, deceased, v. Thomas D. Wood. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ROGERS, J.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Francis B. Bracken,* with him *Sheldon F. Potter* and *C. C. Norris, Jr.,* for appellant, cited: Rose v. Quaker City Cab Co., 69 Pa. Superior Ct. 208; Harman v. Penna. Traction Co., 200 Pa. 311; Virgilio v. Walker, 254 Pa. 241; Kauffman v. Nelson, 225 Pa. 174; Creed v. Penna. R. R., 86 Pa. 139.

*Thomas F. Gain,* with him *Francis Shunk Brown* and *Ira Jewell Williams,* for appellee, cited: Virgilio v. Walker, 254 Pa. 241; Kerbaugh v. U. S. Express Co., 58 Pa. Superior Ct. 556.

OPINION BY MR. JUSTICE KEPHART, March 10, 1919:

"Vehicles have the right-of-way on the portion of the highway set aside for them, but at crossings all drivers,

particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians; on the other hand, between crossings drivers are not held to the same high standard of care, although, of course, they must be constantly on the lookout for the safety of others." Where a pedestrian traverses a public highway between the regular crossings, he is bound to a high degree of care: Virgilio v. Walker & Brehm, 254 Pa. 241. "Pedestrians are not restricted to the use of established street crossings when they attempt to pass from one side of the street to the other. They have a right to pass at whatever point they elect": Watts v. Plymouth Borough, 255 Pa. 185-188. A pedestrian cannot be held to be negligent by the court, as a matter of law, when he attempts to cross a street between the regular crossings, but in exercising this right he must have due regard to the conditions of the traffic before he enters the cartway. If he deliberately attempts to cross the street when vehicles are rapidly approaching close by, and injury results, ordinarily, he will be chargeable with such carelessness as to prevent a recovery of damages; but, having observed the traffic, and it being far enough away that a pedestrian using due care would deem it safe to go across in front of the approaching traffic, he is under no fixed duty to look back; though the circumstances may be such that in the exercise of due care it would become his duty to so look and it would be negligence for him to disregard it.

In the case under consideration, when Anderson, the man who was injured, was seen in the cartway, the appellant's automobile was more than one hundred feet away from him, approaching on the side of the street Anderson was then crossing. No machine or vehicle was between the driver of the car and the pedestrian; each had an unobstructed view. It was not negligence for Anderson to attempt to cross, and that he did not use due care after leaving the sidewalk was for defendant to establish, un-

less it appeared from appellee's evidence.  It was not necessary for the appellee to show that Anderson, who is now dead, looked from right to left after he left the sidewalk.  She is entitled to the presumption that deceased did that which a prudent man would do under the circumstances and that he continued to do so until the accident took place.  Having, without fault on his part, committed himself to the act of crossing, it became the duty of appellant to so control his car as to do no injury to the pedestrian, who was on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control.  This the driver did not do, and his neglect caused the accident.

While an automobile may have a slightly superior right of way between crossings, or the measure of care may not be as high as at the regular street crossings, this does not give automobile drivers a license to run down a pedestrian who may be seen more than one hundred feet away.  When circumstances such as these are presented, it is the duty of the driver to operate his car with care and attention to the safety of persons upon the highway. When he sees, or with reasonable diligence could have seen, the pedestrian in time to so operate his car as to avoid accident (the car not being fixed to any particular line of travel), it becomes his duty to so act, and if he fails to perform this duty he will be liable for such damage as may be occasioned as a result of his failure.

With these statements of the principles of law, a glance at the facts will show that the action of the court below in refusing to enter a judgment for the appellant was proper.  John A. Anderson started to cross Market street at a point between eighty or ninety feet from the easterly line of Ninth street as it intersects Market street.  He was first seen, after he had left the north curb of Market street, about two paces therefrom.  He was walking across the north cartway of Market street in a diagonal or southwesterly direction.  He proceeded in this direction until he reached a point about fifteen or twenty feet

east of the easternmost post of the danger zone, which extended from Ninth street along the street car tracks on Market street, and he was about six or seven feet from the westbound track, when the accident occurred. There were no vehicles to obstruct his view nor the view of the driver. It does not appear that he looked to the right or left after he started to cross Market street, apparently to go to the safety zone, nor does the contrary appear. The officer who saw the accident stated that, when he first observed Anderson, the latter was looking in the direction in which he was going. The distance to be covered was not more than twenty to twenty-five feet and there was room between the pedestrian and the curb for the automobile to pass without doing any injury. Appellant's evidence as to the happening of the accident is in clear contradiction to that of the appellee's, and if believed by the jury, should have relieved the former of all liability; but that body has determined the questions involved adversely to appellant, and there are no errors of law that justify us in disturbing the judgment on the verdict. While there was no direct evidence as to speed, there was evidence on the part of the appellant that the car did not change its speed from the time it was seen over one hundred and ninety feet from the eastern line of Ninth street, till it bore down on Anderson, striking and carrying him some few feet; this was for the jury. Speed is not the only element that enters into the question of negligence, and, regardless of it, a car may be under such imperfect control as to amount to negligent operation, and evidence of it would sustain the charge of negligence.

The judgment of the court below is affirmed at the cost of the appellant.