## Edwards *v.* Mott, Appellant.

*Negligence — Automobiles — Running over pedestrian at street crossing—Case for jury.*

In an action of trespass, to recover damages for injuries sustained by the plaintiff being struck by the defendant's automobile, while crossing at a street corner, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the plaintiff was crossing the street over a regular crossing at about 10: 30 in the evening, when a light rain and snow was falling, and that at about the middle of the crossing she was struck by defendant's automobile.   Whether the driver exercised proper precautions in looking ahead of him, and whether his wind shield was in such a condition that he could not distinguish objects in his pathway, was a question for the jury and a verdict for the plaintiff will be sustained.

According to the evidence the chauffeur must have seen the plaintiff if he had looked, unless he was driving with the wind shield of his car so covered with snow and ice that he could not see what was in front of him.   Drivers of vehicles must be highly vigilant at all regular crossings, and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians.

Argued November 15, 1920.   Appeal, No. 222, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, December T., 1919, No. 541, on verdict for plaintiff in the case of Edith Edwards v. A. C. Mott. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $800 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Francis Chapman,* for appellant.

*F. Carroll Fow,* for appellee.

OPINION BY PORTER, J., July 14, 1921:

The plaintiff while walking across Venango Street, at the regular crossing on the east side of 17th Street, was struck and run over by the automobile of the defendant, then being driven by the servant of the latter in the business of the master. She brought this action to recover for the injuries thus sustained and obtained a verdict and judgment in the court below, from which the defendant appeals. The only specifications of error refer to the refusal of the court to give binding instructions in favor of the defendant and the overruling of a motion for judgment non obstante veredicto.

The plaintiff testified that when she reached the curb at the southeast corner of 17th and Venango streets she stopped and looked in each direction for approaching vehicles. Seeing none she started to cross the cartway upon the regular crossing of Venango Street, in order to reach the north side of the said street, and when she had proceeded in the cartway two or three feet she again looked in both directions for vehicles but saw none and then continued to walk over the crossing, without hearing any warning of an approaching vehicle, and when she had proceeded about fifteen feet she was struck and knocked down by the automobile. The accident occurred

about .half past ten o'clock at night and light rain and snow were falling at the time. The car of the defendant which struck the plaintiff approached along Venango Street from the west. There is no direct evidence as to the speed at which it had been driven before it reached the west side of 17th Street, but that speed seems to have been in excess of twelve miles an hour, for the chauffeur, called as a witness by the defendant, testified that when he reached the west side of 17th Street he reduced the speed of the car to twelve miles an hour. It does not seem to be disputed that the headlights of the car were lighted. Frank J. McLaughlin, a witness called by the plaintiff, testified that he was standing on the southwest corner of 17th and Venango streets and his attention was called to the accident by hearing the plaintiff scream and he looked and saw the rear right wheel of the automobile passed over the plaintiff's legs, that the car did not stop when the accident happened and he ran after the car and caught it at the intersection of the next street, and told the occupants of the car that they had run over a woman. He testified that the accident occurred when the plaintiff was right on the crossing about the middle of Venango Street. Two police officers who were standing on the southwest corner of 17th and Venango streets testified that they heard the woman scream and saw her lying on the crossing, about ten feet from the curb and ran over, picked her up and carried her into a fruit store. They testified that the car did not stop and that a man ran after it and stopped it. The only witness who testified that he saw both the plaintiff and the automobile before the accident was Louis Rosenthal, who was called by the defendant. This witness testified that he saw the plaintiff starting to go across the street. He testified that when he first saw the automobile the plaintiff was walking in the street. He testified, also, on cross-examination, that when he first saw the automobile it was in front of a garage at No. 1710 Venango Street, which would be five houses, or

about one hundred feet west of 17th Street. The evidence warranted a finding that when the plaintiff started to cross Venango Street, on the easterly side of 17th Street, the automobile was at least one hundred feet west of 17th Street. There do not seem to have been any other vehicles in the neighborhood, nor is there any evidence that there was anything to obstruct the view of the operator of the automobile, unless it was that he was sitting behind a windshield through which he could not see. The chauffeur of the defendant testified that he did not see the plaintiff, did not hear her scream and did not know the car had struck her until he was stopped by the man who had run after him. Why did the driver of the car not see the plaintiff upon the crossing which he was approaching, when she was clearly visible to a person standing upon the southwest corner of 17th and Venango streets? If he was looking where he was going he must have seen her, unless the windshield of his car was in such condition that he could not through it distinguish objects directly in his pathway. Both police officers testified that the windshield of the automobile was, at the time, covered with ice and snow. Spohn, the chauffeur, did not contradict this testimony of the police officers, with regard to the windshield but testified that he had the windshield open about three inches "so I could see between the two shields." The fact remains that the chauffeur caused the car to knock down and run over a woman, upon a regular street crossing, without seeing her. This was not a case of a pedestrian suddenly running in front of a car. The plaintiff was walking over a crossing in the usual manner and must have been in plain view during the time that the automobile was approaching for a distance of at least one hundred feet, in addition to the width of 17th Street. The chauffeur must have seen her if he had looked, unless he was driving with the windshield of his car in such condition that he could not see what was in front of him. Drivers

of vehicles must be highly vigilant, at all regular crossings, and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians: Anderson v. Wood, 264 Pa. 98. The driver of this car, according to his own testimony, knew that the windshield of his car was in such condition as to interfere with his vision. There could be no doubt about the negligence of a man who undertook, when blindfolded, to drive an automobile through the streets of a city, yet it is scarcely less dangerous to undertake to perform such an act when the windshield of the car shuts out the view of the path in which one attempts to travel. Whether the driver of this car had taken the necessary precaution to remedy the condition of the windshield, through which he was supposed to see where he was going, was for the jury. There was no evidence which would have warranted the court in declaring as matter of law that the plaintiff was guilty of contributory negligence.

The judgment is affirmed.