Taormino, Appellant, *v.* Johnstown Traction Co.

Submitted on paper-books, October 6, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Walter E. Glass,* for appellant, cited, as to defendant's negligence: Friedland v. Ry., 59 Pa. Superior Ct. 539; Rote v. Ry., 34 Pa. Superior Ct. 508; Harper v. Traction Co., 258 Pa. 282; Hoffman v. Transit Co., 59 Pa. Superior Ct. 532; Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Barto v. Traction Co., 216 Pa. 216.

As to contributory negligence of deceased: Hoffman v. Transit Co., 59 Pa. Superior Ct. 532; Meitzner v. R. R., 224 Pa. 352; Cronmuller v. Evening Telegraph,

232 Pa. 14; Danko v. Ry., 230 Pa. 295; Ely v. Ry., 158 Pa. 233.

J. Earl Ogle, Jr., for appellee, cited: Hoffman v. Transit Co., 59 Pa. Superior Ct. 532; Patton v. Traction Co., 132 Pa. 76; Hause v. Transit Co., 38 Pa. Superior Ct. 614.

OPINION BY MR. JUSTICE SADLER, November 24, 1930:

The Johnstown Traction Company lawfully operates a double line of street railway tracks on Bedford Street in the Borough of Dale. On November 15, 1927, between ten and eleven o'clock in the morning, its operatives were moving a car in a northerly direction at a speed not in excess of ten miles an hour. In front of it, at the time, Joseph Taormino was driving a wagon, and was fully aware of the trolley approaching from the rear. He turned to the right so that it might pass, and signaled the motorman to proceed. The distance between the tracks and the curb was some eight feet, and the vehicle occupied by the decedent had a width of five feet. This made easily possible a clearance between the curb and the tracks, taking into consideration the eighteen-inch overhang of the car.

The appellant's statement of the question involved recites the facts as follows: "The driver of the wagon, in yielding the track, [pulled] to the right-hand side of the street, and as the street car continued to pass the wagon, the driver [stopped], but the street car in passing [collided] with the rear wheel of the wagon, and [was] then stopped immediately. The horse became frightened by the collision, [leaped] forward and [threw] the driver partly out of the wagon. The horse [ran] down the street about two blocks, [swerved] to the right, and the driver of the wagon [was] thrown against a telephone pole and killed." The widow, on behalf of herself and children, brought an action for damages alleging negligence on the part of the defendant. A compulsory non-

suit, based on the evidence of the claimant, was entered, and from a refusal to remove it this appeal was taken.

The testimony of plaintiff shows there was ample space for placing the wagon in a position which would permit the safe passage of the slowly moving street car, and that the driver by signal notified the motorman to advance. The trolley passed at least one-third of its distance beyond the standing vehicle before the side scraped the rear hub of the cart, causing the horse to become frightened and run away. The car came to an immediate stop, indicating that it was moving slowly. Under the circumstances appearing, as disclosed by the record, the learned court below properly entered a compulsory nonsuit.

This was based on the contributory negligence of the deceased, which was apparent, but the same result might well have been reached because of the failure of proof of any negligence whatsoever on part of the defendant. We have examined with care, the evidence submitted and viewing it, as we must, in the light most favorable to plaintiff, and giving to her the advantage of any fair inferences to be drawn from the facts produced, can come to no other conclusion than that the case was properly disposed of. Though the apparent contributory negligence justified the entry of the nonsuit, there was, further, no sufficient proof of failure to exercise due care by the motorman to make necessary the submission of the case to the jury. The trolley company is not responsible for injury resulting from the proper use of its franchises, and if a horse takes fright from ordinary noises or operation of the car, the company is not liable: P., W. & B. R. Co. v. Stinger, 78 Pa. 219; Ruthberg v. P. R. T. Co., 300 Pa. 536.

The present case is controlled by the line of authorities following Patton v. Phila. Traction Co., 132 Pa. 76, where the driver of a dray brought an action against a street railway company for injuries sustained by the striking of his vehicle due to a miscalculation of dis-

tance on the part of both the plaintiff and the driver of the car, and a nonsuit was entered. Similar adjudications are to be found in Hause v. Lehigh Valley Transit Co., 38 Pa. Superior Ct. 614, and Rothweiler v. P. R. T. Co., 93 Pa. Superior Ct. 369. In the last named case, Judge KELLER distinguishes those decisions where verdicts have been permitted when a trolley car has come in contact with a wagon which it is passing, but none of the exceptions suggested therein are applicable here.

The fact that the deceased knew the car was approaching at a slow rate, signaled the motorman to proceed, and was not struck until it had passed one-third of its way, and then in the rear, shows that, at the most, there was some slight error of judgment, or, as suggested by one of the witnesses for the plaintiff, the horse backed the wagon into the street car. In either event, no recovery could be had. A further discussion of the authorities, under the facts presented, is unnecessary.

The judgment of the court below is affirmed.