Reidel and Fishel *v*. P. R. T. Co., Appellant.

Argued October 1, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Samuel H. Coplin,* and with him *Bernard J. O'Connell,* for appellant.

*Lionel Teller Schlesinger,* for appellee.

Opinion by Linn, J., November 20, 1931:

Defendant appeals from judgment for plaintiff in a suit tried without a jury. Defendant was charged with negligently operating a street car that collided with a large covered motor truck belonging to plaintiff. The only witnesses called were the person who was in charge of the motor van and the man who repaired it. The first witness testified that he drove the truck to 2440 Germantown Avenue where he stopped, with the truck headed southward, for the purpose of unloading wall paper. He states that he left "sufficient clearance" between the truck and the trolley car track to permit southbound street cars to pass, and fixes the distance at "some 6 to 8 inches" from the

tracks; that the accident occurred while he was inside the truck "getting some wall paper." The evidence indicates that the covered part of the truck was 6 feet wide, and that for the purpose of closing the end, there were two doors, each 3 feet wide, and a tailgate, the doors opening outward and closing over the tailgate. The evidence does not show how long the truck had been there before it was damaged. The witness testified that he had "shut the rear door," but he does not clearly specify whether it was the right or the left rear door; that he was in the truck "towards the front of the truck, just stooped down to pick up the bundle" when there was a collision. He states that then he "started out but the right rear door came around and knocked [him] down again; then [he] got out and the trolley car was stopped." The trolley car was then standing "about a foot in front of the truck," the truck being 20 feet long. He states the "rear door was lying out in the street, hinges was broke where the rear door was on." As he had testified that the right rear door struck him while he was in the truck, we must infer that the rear door that was lying in the street was the left rear door, that is, the one which, if opened, would open toward the street car track, and which he stated, in the answer already quoted, he had closed when he entered the truck to get the bundle of paper. The accident happened on a clear day.

That is substantially all the evidence from which it must be determined whether or not there is liability. The learned court below, and also the appellee here, rely on Latella v. Breyer Ice Cream Company, 87 Pa. Superior Ct. 325, as determining liability. We must differ from that conclusion. In that case an automobile was parked on the right side of a street; neither plaintiff nor any of his witnesses saw the accident to it, but on hearing the crash, they saw that one of

a team of three horses driven by the defendant, was on the fender of the automobile, and the driver himself was on top of it. The driver of the team had the whole of the highway on which to drive, except, of course, the relatively small space occupied by the automobile. This court held that those facts supported a finding that the driver of the team was negligent in driving on the automobile. A very important difference between the circumstances of that case, and the one under consideration, is that the street car in the present case did not have the whole highway, but was limited to travel on the rails, a fact which plaintiffs' truck driver knew and was bound to take into consideration. He recognized that, because he testified that he left "sufficient clearance between truck and the trolley car to pass along side ......," and gives the distance. The record does not state what the overhang of this street car was. The facts were not sufficiently developed in the record to enable one to say with any certainty what did occur, but such evidence as there is, may be considered in several aspects. As the truck driver voluntarily placed his truck where he thought there was sufficient space to enable the street car to clear the truck, but misjudged the distance, the owner of the truck cannot complain if the street car motorman also misjudged the same distance when he attempted to clear the truck; it is definitely settled that in that aspect of the evidence, there can be no recovery: Patton v. Phila. Trac. Co., 132 Pa. 76; Rothweiler v. P. R. T. Co., 93 Pa. Superior Ct. 369. If we consider the statement of the witness, that he closed the rear door, to refer to the left rear door, the one which we understand was found on the ground afterwards, there is nothing in the evidence to explain how that door came to be within reach of the street car. Of course, if that rear door had been open, part of its width extending across the rail, there might have been liability, because it might be negligent to

run a street car into that door, but the evidence is that the door was shut, and therefore not occupying any part of the space between the truck and the rail. If, as both truck driver and motorman thought, there was sufficient clearance, it may be that, after the front part of the trolley passed the standing truck, the door, in some way not explained in the record, opened sufficiently to come into contact with the passing car and produced precisely the physical conditions found after the accident: cf Taormino v. Johnstown Tr. Co., 302 Pa. 264. The plaintiff had the burden of proof and, (no evidence being offered by defendant), was bound to explain the circumstances sufficiently to support such claim as he would make. We must, therefore, conclude that if, as he says, the left rear door was closed, and his truck sufficiently away from the rail to enable the car to pass, and both he and the motorman misjudged the distance for clearance, the defendant is not liable; that the record will not support a finding that when the front of the trolley car reached the truck, the left rear door was open and extending across the track; that if the door opened after the trolley car had begun to pass the truck, defendant, having no notice that the door might then open, is not liable.

The judgment is reversed and is now entered for the defendant.