## Goldberg, Appellant, v. Kelly.

Argued November 27, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Maurice E. Cohen,* for appellant.

*John J. McDevitt, III,* with him *Joseph M. Leib* and *John J. McDevitt, Jr.,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1941:

Morris Goldberg appeals from the refusal of a new trial in a trespass action instituted by him to recover for an injury to his left hand, allegedly sustained when it was struck by an automobile operated by Frank Kelly, appellee. Appellant's statement of claim averred that the accident occurred as he was crossing Arch Street, Philadelphia, from south to north, "at or about its inter- section at 7th Street," but his testimony, as well as that of his two witnesses, shows that he met with his injury as he was crossing Arch Street at a point some hundred and seventy-five feet east of the intersection, where there was no authorized crossing. Appellee's version of the accident was that appellant darted into the path of his eastbound automobile from between two parked cars so suddenly that the accident was unavoidable and this accords with appellant's statement, on admission to the hospital shortly after the accident, that he "crossed the street between two automobiles in the middle of the block and walked into a passing car." In support of his motion for new trial appellant contends that the verdict for appellee was against the weight of the evidence and he complains of an alleged deficiency in the trial judge's instructions to the jury, which was not called to the court's attention although ample opportunity to do so was given at the conclusion of the charge.

The grounds urged in support of the motion for new trial are obviously without merit, but there is no need to discuss them for the reason that, whether or not appel- lee was negligent, appellant was clearly guilty of con- tributory negligence and the court below should have so declared as a matter of law, granting appellee's motion for compulsory nonsuit or directing a verdict in his favor.

At the point of the accident Arch Street is thirty-six feet wide between curbs and has located thereon a dou- ble set of trolley tracks. Appellant testified that he saw appellee's eastbound car turn into Arch Street from

Seventh Street, a hundred and seventy-five feet away, when he, appellant, was about six feet from the south curb, but admitted that he proceeded without continuing to observe the car and did not look again until it was only between forty and fifty feet away. At that time appellant had reached the first rail of the eastbound trolley track, a point about twelve feet from the south curb, and it was too late to avoid the accident; he describes the situation in which he found himself, on looking again, as follows: "When I seen the way he was going, so fast, I knew that I'd be hurt, I jumped a foot or two from the rail." The accident happened at about nine o'clock in the morning, on a clear day, and appellant admitted that at the time of the accident there was no other traffic moving in either direction and nothing to obstruct his view.

Knowing that traffic was approaching from the one direction in which he could expect it, and with nothing to distract his attention, it was appellant's duty to maintain observation of the approaching automobile's position. Having omitted to continue to look as he proceeded, he failed to exercise the high degree of care which this Court has repeatedly held pedestrians traversing a street between intersections must exercise for their own safety, and was therefore chargeable with negligence as a matter of law. See *Carnevale v. McCrady Rodgers Co.*, 318 Pa. 369; *Fearn v. City of Philadelphia*, 320 Pa. 156; *Danks v. Pittsburgh Rys. Co.*, 328 Pa. 356; *Zalec v. Heckel*, 340 Pa. 116.

It is clear that, in submitting the case to the jury, the trial judge gave appellant an opportunity to which he was not entitled; to have granted a new trial under these circumstances would have amounted to a manifest abuse of discretion and would have constituted reversible error. See *Ravis v. Shehulskie*, 339 Pa. 161, 164; *Fornelli v. Penna. R. R. Co.*, 309 Pa. 365, 369.

Judgment affirmed.