Opinion by
 

 Cunningham, J.,
 

 About 5:30 o’clock on the evening of November 11, 1936, shortly after dark had fallen, a number of automobiles were parked at intervals along the west curb of 52d Street between Spruce .Street on the north and Pine Street on the south in the City of Philadelphia; a procession of cars was also passing south over the portion of 52d Street occupied by the southbound trolley track. Fifty-second Street is 50 feet wide from curb to curb and carries both northbound and southbound trolley tracks; the block between Spruce and Pine is 369 feet in length; the cartway between the west rail of the southbound track and the curb on that side of the street is approximately 17% feet wide; the night was clear, the street dry, and well lighted.
 

 In this setting Cost Georgios, a vendor of pretzels, hot dogs, candy, etc., from a pushcart, desired to cross
 
 *490
 
 with his vehicle from the west to the east side of 52d Street at a point about 75 feet north of Pine. He wore a white apron and his cart was covered with a white cloth. After pushing his cart between two of the cars parked along the curb into the Avestern cartway he stopped to permit the stream of automobiles moving south to pass by him. While waiting for an opportunity to proceed across 52d Street, he stood between the handles of his cart which was in front of him and pointed slightly northeast. A number of cars in the procession passed on south without incident. In the line was an automobile owned and driven by Joseph B. Norris, defendant below and appellant herein, which was so operated that it collided with the standing cart of Georgios, severely injuring him.
 

 Averring that the collision was due to the negligent operation by Norris of his car Georgios brought this action for damages. Before the case was reached for trial the death of the plaintiff resulted from his injuries and his administratrix was substituted. Three trials have been had. In the first the plaintiff obtained a verdict for $5,500; a new trial was ordered and the granting thereof affirmed by the Supreme Court (337 Pa. 234, 11 A. 2d 139) ; the second resulted in a disagreement of the jury; at the third trial, presided over by Brown, Jr. J., the jury returned a verdict of $1,433.55 for the plaintiff. She filed a motion for a new trial upon the ground of inadequacy of the verdict; the defendant moved for judgment in his favor n.o.v.; both motions Avere denied, and Ave now have this appeal by the defendant from the judgment entered upon the verdict.
 

 It, therefore, becomes our duty to examine the record for the purpose of ascertaining whether it contains any evidence, which, if believed by the jury, would reasonably justify it in finding the defendant guilty of negligence, and, if so, whether plaintiff has shown a case free
 
 *491
 
 of contributory negligence, as a matter of law, upon the part of ber decedent.
 

 Samuel Karabanov, one of two eye-witnesses of the accident called on behalf of plaintiff, testified he managed a paint store located on the west side of 52d Street “about four stores north of Pine”; that he had seen the deceased (through the window of a parked automobile) standing in the street “directly in front of [his paint] store ...... between the west rail of the southbound track” and the west curb “about 2 or 3 feet” east of the cars phrked along the latter; and that Georgios was between the handles at the rear of the pushcart which was approximately six feet in length with the front thereof protruding “generally in a northeasterly direction” to a point about 4 feet from the trolley rail. The witness saw five or six automobiles passing south on 52d Street followed by that of defendant, the bumper and right front fender of which struck the front of the pushcart, breaking a wicker basket hanging therefrom.
 

 Karabanov could recall the presence of nothing to obstruct the view of either party and did not see the Norris automobile (which was 20 to 25 feet behind the car immediately preceding it) until “the actual point of impact.” Pie stated that defendant’s car proceeded about 150 feet before coming to a stop. When asked to describe “exactly what [he] saw as to how the accident occurred,” the witness testified: “I was standing there, and he was standing there about one minute apparently waiting to cross the street. I saw these automobiles go past. I was standing in the doorway looking out, and my view being cut off that way (north) at the time, and I didn’t see it until the car comes down straddling the west rail of the southbound track and ran into the front of this cart, pushing it back, and I saw the man go down.......”
 

 William Fry, who also witnessed the accident, was called by plaintiff and testified that, at the time of the
 
 *492
 
 accident, he was working at a fruit market on the east side of 52d Street right across from the paint store. His testimony was in accord with that of Karabanov as to the time and place of the accident, the weather and lighting conditions and the position of the decedent and his pushcart in the street prior to, and at the moment of, the collision. He also corroborated the statement that Georgios had been standing in the street without moving in any way for about a minute before he was struck. According to this witness, the automobiles preceding that of the defendant were traveling “about 15 miles an hour” and defendant’s car stopped about 130 feet beyond the point of impact, but he conceded, upon cross-examination, that there was no nearer point at which defendant could have parked. The witness also admitted he had been prevented from observing the situation immediately prior to the accident: “Q. Did you have Mr. Georgios under your observation constantly from the first time you saw him in the street until the impact? A. No, I did not. Q. What interrupted you, if anything? A. My boss called me at that time, and I turned around to see what he wanted, and just as I turned back I saw the car hit the pushcart. Q. You saw the two vehicles come together? A. No. I saw it when it hit, just as it hit. Q. Just at the time they came together? A. Yes.”
 

 The defendant testified he had been “driving south on 52d Street” at a speed of “between 15 and 20 miles an hour,” with “about 3 feet” of his machine extending beyond the west rail of the southbound track, i.e., in the west cartway of 52d Street, “and when about 50 feet north of the intersection [he] felt a bump on the side of [his] car” but continued 100 feet across Pine Street, before stopping, to get out of the traffic. He asserted he saw neither the cart nor Georgios before the accident and, according to his recollection, had stopped for the traffic light at Spruce Street.
 

 Counsel for defendant, relying upon the established
 
 *493
 
 principle that negligence will not he presumed merely from the happening of an accident, contended that evidence as to the cause and manner of the collision was so lacking that a finding of negligence could be nothing more than pure conjecture — an insufficient basis for a verdict for plaintiff under
 
 Bradley et al. v. Rhodes,
 
 124 Pa. Superior Ct. 161, 188 A. 564;
 
 Flanigan v. McLean,
 
 267 Pa. 553, 110 A. 370;
 
 Sajatovich v. Traction Bus Company,
 
 314 Pa. 569, 172 A. 148, and
 
 Klein et ux. v. Philadelphia Rural Transit Company,
 
 320 Pa. 548, 183 A. 43. These cases, however, are readily distinguishable from the present one. In the Bradley case there was a hiatus in the testimony of the sole witness who, because of the distance or obscured vision, was unable to see the position or movement of the person struck at the precise moment of contact. The only witness to the accident in the Flanigan case
 
 first saw
 
 the pedestrian-plaintiff “rolling in the street about five feet from the rear end of the truck.” In the Sajatovich case, the bus driver who struck the pedestrian was not called and
 
 none
 
 of the witnesses who testified
 
 saw
 
 the bus collide with the pedestrian. The court there specifically pointed out that this did not meet the requirement that “there must be some evidence to indicate
 
 how
 
 the accident occurred.” (p. 574) Similarly the two witnesses in the Klein case whose testimony was relied upon to establish negligence really did not see the collision at all; they had merely seen the bicyclist riding along the road before the accident, after which time he was not observed again until he was being lifted from the road.
 

 In the present case, notwithstanding some obstruction and interruption in observation, two witnesses actually saw the deceased at the exact moment the pushcart was struck by defendant’s car; they also observed he was then standing still and had been so standing for approximately a minute prior to the accident. Moreover, their detailed description of the setting and the
 
 *494
 
 circumstances surrounding the accident indicated how it occurred and furnished a substantial basis for the jury’s verdict. The street was well illuminated and the deceased and his pushcart were conspicuous in appearance ; both stood in plain view of approaching vehicles, a number of which passed without mishap just prior to defendant’s approach; yet the latter testified he failed to see the deceased. He will not now be heard to say he did not see what he must have seen if he performed his duty to look where he was driving. As stated by our Supreme Court in
 
 Smith v. Shatz,
 
 331 Pa. 453, 456, 200 A. 620: “It is well settled that to run down a pedestrian who has been standing upon the highway in plain view for a sufficient length of time to have been seen and avoided is evidence of negligence on the part of the driver of an automobile.”
 

 Not only are we convinced there was evidence of negligence on defendant’s part, but we are also of opinion that the record fails to disclose contributory negligence on the part of the deceased, as a matter of law. Our Supreme Court has decided that a pedestrian cannot be held to be negligent, as a matter of law, merely because he attempts to cross a street between the regular crossings:
 
 Hamilton v. Moore,
 
 335 Pa. 433, 438, 6 A. 2d 787;
 
 Grebe et al. v. Kligerman,
 
 310 Pa. 60, 164 A. 796;
 
 Anderson v. Wood,
 
 264 Pa. 98, 107 A. 658. The trial judge, in the course of his opinion, made the following pertinent observations (55a & 56a): “He (Georgios) was standing still behind his cart for about a minute, while five or six automobiles in front of defendant passed him, before his car.t was struck. He was not proceeding oblivious to traffic, as was the deceased in
 
 Watson v. Lit Brothers,
 
 288 Pa. 175, relied on by defendant, but was waiting for it to pass before he continued across. Whether under the circumstances, taking into consideration the facts that he was standing still and defendant’s automobile was moving, he should have stepped backwards, was a matter for the jury to
 
 *495
 
 consider, as the trial judge pointed out in his charge. The law presumes that he was using due care, and although this presumption might have been rebutted by evidence to the contrary, no such evidence was presented. The facts and the inferences to be drawn from them were such as to require the submission of the case to the jury:
 
 Perry v. Ryback,
 
 302 Pa. 559, 565-566.”
 

 In addition to the Watson case, referred to in the above quotation, defendant relies on the following cases to establish contributory negligence, as a matter of law:
 
 Hause v. Lehigh Valley Transit Company,
 
 38 Pa. Superior Ct. 614;
 
 Reidel and Fishel v. P. R. T. Co.,
 
 103 Pa. Superior Ct. 387, 157 A. 36;
 
 Taormino v. Johnstown Traction Co.,
 
 302 Pa. 264, 153 A. 149, and
 
 Pollock v. Philadelphia Rapid Transit Company,
 
 139 Pa. Superior Ct. 256, 11 A. 2d 665. It is significant to note that in each of the eases cited the plaintiff stopped his vehicle so close to street car tracks that he was struck by cars traveling thereon; such carelessness clearly contributed to the accidents. Moreover, as pointed out by Keller, J., (now President Judge) in the classification set forth in
 
 Rothweiler v. Philadelphia Rapid Transit Company,
 
 93 Pa. Superior Ct. 369, 372, street cars have a superior right to occupy the tracks upon which they must travel and those who encroach thereon are bound to a greater duty of care than a person rightfully in the street who is struck by a trackless vehicle.
 

 The issues of defendant’s negligence and decedent’s contributory negligence were, in our opinion, properly submitted to the jury; the assignments of error are accordingly overruled.
 

 Judgment affirmed.