Pinto *v.* Bell Fruit Company, Inc., et al.,
Appellants.

Argued October 15, 1941.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT,
JJ.

*G. A. Troutman,* of *McWilliams, Wagoner & Troutman,* for appellants.

*Louis Matkoff,* with him *Herman A. Becker,* for appellee.

OPINION BY RHODES, J., February 28, 1942:

Plaintiff brought this action in trespass to recover damages for injuries sustained when he was struck by an automobile belonging to the Bell Fruit Company, Inc., and operated by Samuel Zeitz, while crossing Dock Street in the City of Philadelphia. No affidavit of defense was filed by either defendant. The ownership of the truck and the agency of the operator were admitted. The jury returned a verdict for plaintiff against both defendants. Defendants' motion for judgment n.o.v. was overruled, and judgment was entered on the verdict. These appeals by defendants followed.

The refusal of the court below to enter judgment n.o.v. is the only ruling to be reviewed, and the question involved is whether, under the evidence, plaintiff was guilty of contributory negligence as a matter of law. The negligence of the operator of the automobile is conceded to have been established. After a careful examination of the record, in which we considered all the oral evidence supporting the verdict and rejected all the rest (Sorrentino v. Graziano et al., 341 Pa. 113, 114, 17 A. 2d 373), we conclude that the refusal of judgment n.o.v. was proper. The issues were for the jury.

Dock Street is the principal center for the distribution of fruit and produce in Philadelphia. In the vicinity where plaintiff attempted to cross, trucks park at the curbs on both sides of the street, and people cross back and forth in the course of their business. The street is a two-way street, 75 feet wide, and at the scene of the accident it runs in a north and south direction. On March 19, 1940, about 11 A.M., plaintiff, who was a trucker and familiar with this locality, undertook to cross from west to east at 123 Dock Street. As usual, trucks parked on both sides of the street were backed into the curbs at right angles and extended into the street approximately 15 feet on each side, leaving 45

feet of the street for vehicular traffic. Plaintiff walked to the front of a truck parked on the west side of the street, and, after observing the condition of traffic, saw the automobile operated by Zeitz approaching slowly from the south over 200 feet away. It was on the east portion of the street. At that time there was no other vehicular traffic moving in either direction. Plaintiff then walked toward the east side of the street until he reached a point three-fourths of the distance across the 75-foot street, or about 20 feet from the curb, and about 5 or 6 feet from the front of the trucks parked along the curb. At this time plaintiff observed defendants' automobile proceeding slowly 100 feet to his right. Here he was obliged to stop to avoid a truck which pulled out in front of him from the east curb to go north. He stood still, and, when the truck had cleared him, he saw defendants' automobile approaching rapidly 50 feet away. He endeavored to get out of the way, but was struck by it and rendered unconscious. One of plaintiff's witnesses testified that defendants' automobile was traveling about 30 miles an hour when it struck plaintiff. It would appear that defendants' automobile was proceeding slowly until within 50 feet of plaintiff, when, as he testified, it came toward him with increased speed. Defendant Zeitz testified that he was driving 10 or 12' miles an hour. At the time of the accident the weather was clear, and there was nothing to obstruct the view of either plaintiff or defendant Zeitz. Besides, there was a space of 40 feet to the west of plaintiff in which no traffic was moving, and which offered Zeitz plenty of opportunity to avoid the accident. Had it not been for the unexpected movement of the truck from the east curb, plaintiff would have had ample time to reach a place of safety ahead of defendants' automobile. This would still have been true if the speed of defendants' automobile had remained constant.

Crossing between intersections imposes upon a pedestrian a higher degree of care for his own safety than

is required at regular crossings or intersections (*Zalec v. Heckel,* 340 Pa. 116, 120, 16 A. 2d 382; *Fearn v. City of Philadelphia,* 320 Pa. 156, 158, 182 A. 534; *Robb v. Quaker City Cab Co.,* 283 Pa. 454, 458, 129 A. 331); he must exercise care commensurate with the danger involved when he crosses at a place where drivers of oncoming vehicles have no reason to expect him to be (*Gajewski v. Lightner,* 341 Pa. 514, 516, 19 A. 2d 355); but plaintiff had a legal right to cross the street elsewhere than at a regular crossing or intersection if he exercised the requisite care in doing so (*Grebe et al. v. Kligerman,* 310 Pa. 60, 64, 164 A. 796; *Weaver v. Pickering,* 279 Pa. 214, 216, 123 A. 777; *Jacobson v. Palma,* 115 Pa. Superior Ct. 401, 405, 175 A. 731). A pedestrian cannot be held to be negligent as a matter of law merely because he attempts to cross the street between the regular crossings. *Joannides v. Norris,* 146 Pa. Superior Ct. 488, 23 A. 2d 53.

When plaintiff reached that part of Dock Street which was traversed by vehicles, he carefully observed the condition of the traffic before he committed himself to the further act of crossing; this was his duty. *Danks v. Pittsburgh Rys. Co.,* 328 Pa. 356, 358, 195 A. 16; *Anderson v. Wood,* 264 Pa. 98, 100, 107 A. 658. The automobile operated by defendant Zeitz was then slowly approaching over 200 feet away. The succeeding events plainly indicate that at that moment plaintiff had the right to assume that he could cross the street without risk of injury from the approaching automobile. As plaintiff walked a distance of 40 feet across the street, and reached a point within about 5 or 6 feet of the parked trucks, the approaching vehicle covered a distance of only 100 feet, and was still 100 feet south of plaintiff's path. The automobile must have been proceeding, when first observed by plaintiff, at a slow rate of speed, not more than two and one-half times as fast as plaintiff was walking. If plaintiff had been able to walk the additional 20 feet to reach the curb the auto-

mobile would have gone only 50 feet at its original speed. Contrary to defendants' argument plaintiff was not testing an obvious danger. As plaintiff observed the approaching automobile when it was far enough away that a jury could find that a pedestrian using due care would deem it safe to cross, he cannot be declared contributorily negligent for committing himself to the act of crossing. *Anderson v. Wood,* supra, p. 100. Of course, if a pedestrian attempts to cross a street between regular crossings or intersections when vehicles are rapidly approaching close by, and injury results, ordinarily, he will be chargeable with contributory negligence as a matter of law. *Fearn v. City of Philadelphia,* supra, p. 158. But the facts in the case before us are not parallel to that situation.

If there was nothing to distract plaintiff's attention, it was his duty to maintain observation of the position of approaching vehicles. *Gajewski v. Lightner,* supra, p. 516; *Goldberg v. Kelly,* 340 Pa. 430, 432, 17 A. 2d 390. Plaintiff had to stop through no fault of his own, and he was obliged to take notice of the truck which pulled out from the curb in front of him in order to avoid being struck by it. After the truck passed he saw that defendants' automobile was then 50 feet away. The operator of the automobile could have avoided striking plaintiff, who was for some time in plain view, if he had properly controlled it, as plaintiff was only 5 or 6 feet from the trucks parked along the east curb. However, the speed of the automobile was increased, and plaintiff could not avoid being hit even though he attempted to jump out of the way. We think that he had the right to expect that, if he was compelled to stop on the street without fault on his part, the operator of the automobile would exercise reasonable care to avoid striking him. As said by our Supreme Court in *Smith v. Shatz,* 331 Pa. 453, at page 456, 200 A. 620, at page 621: "It is well settled that to run down a pedestrian who has been standing upon the highway

in plain view for a sufficient length of time to have been seen and avoided is evidence of negligence on the part of the driver of an automobile."

In *Anderson v. Wood,* supra, 264 Pa. 98, at page 100, 107 A. 658, at page 659, our Supreme Court said: "It was not negligence for Anderson to attempt to cross .[between the regular crossings], and that he did not use due care after leaving the sidewalk was for defendant to establish, unless it appeared from appellee's evidence."

*Gajewski v. Lightner,* supra, and *Goldberg v. Kelly,* supra, are typical of the cases relied on by defendants. In the Gajewski case, the plaintiff, while crossing a one-way street in the middle of the block, did not attempt to judge the speed of an approaching automobile until he was half way across the street. He then saw the automobile 100 feet away traveling at a speed of 55 to 60 miles an hour. The plaintiff thereupon attempted to run across the intervening distance instead of waiting so that the vehicle could pass in front of him. He negligently placed himself in that position and thus created his own danger. In the Goldberg case, the plaintiff, with nothing to distract his attention, failed to continue to observe a rapidly approaching vehicle. The verdict was for the defendant. If a pedestrian walks by faith across a street, he assumes the risk. *Weaver v. Pickering,* supra, p. 216.

The jury could find from the evidence that plaintiff proceeded at all times with due care, and that the sole cause of his injuries was the negligence of the operator of the automobile. Cf. *Hamilton v. Moore,* 335 Pa. 433, 6 A. 2d 787. Therefore, we cannot say as a matter of law that plaintiff was contributorily negligent. *Grebe et al. v. Kligerman,* supra; *Anderson v. Wood,* supra; *Adams v. Armour & Co.,* 142 Pa. Superior Ct. 280, 16 A. 2d 142; *Joannides v. Norris,* supra; *Douville v. Northeastern Warehouse Co.,* 337 Pa. 188, 190, 10 A. 2d 394.

Judgment is affirmed.