Opinion by
 

 Keller, P. J.,
 

 This was an action of trespass brought by the plaintiff, Vincent J. Houlihan, against the defendant, Howard Turkheimer, Jr., to recover damages for personal injuries and property damage done to his automobile by the defendant negligently driving his automobile into and against it. By consent of the defendant the Camden Fire Insurance Association was joined as an additional plaintiff *in the action to the extent of its interest in the car, |240.
 

 On the trial, at the conclusion of the plaintiffs’ case, the court ordered a non-suit and subsequently refused to take it off. Plaintiffs appealed. The order will be reversed.
 

 The facts as they appeared from the evidence produced by the plaintiffs were as follows: Chelten Avenue, Philadelphia, is a two-way street running east and west, with double street car tracks in the center. Knox Street enters Chelten Avenue on the north but does not cross it, thus making a T intersection. On December 13, 1939 the plaintiff Houlihan parked his car in front of a store on the north side of Chelten Avenue, about ten feet west of Knox Street, while he paid a bill. Returning to his car, with the intention of crossing to the south side of Chelten Avenue and thence home, he
 
 backed
 
 his car around the corner into Knox Street, and finding that it blocked the pedestrian trafile across Knox Street he went forward a few feet until his back wheels were even with the curb and stopped, waiting until the trafile would permit him to cross the street and enter the eastbound traffic lane on his way back to his home. There was ample room for westbound traffic to pass in front of him in the space north of the north, or westbound, trolley track, and three cars did pass him while his car was standing there. While plaintiff’s car was
 
 *498
 
 still standing in this position, defendant, traveling west on Chelten Avenue, attempted to pass the line of ears traveling the same direction in front of him by going around to their right, and ran into plaintiff’s car, causing the personal injuries and property damage sued for. Under the facts above recited the case was for the jury.
 

 'The jury would have been warranted in finding the defendant guilty of negligence in three respects. First, he violated section 1008 (c) of the Motor Vehicle Act of May 1, 1929, P. L. 905, as amended by Act of June 22, 1931, P. L. 751, section 2, and Act of June 29, 1937, P. L. 2329, section 3, 75 PS §543, which forbids the driver of a vehicle overtaking and passing another vehicle, proceeding in the same direction, at a highway intersection. See
 
 Jinks v. Currie,
 
 324 Pa. 532, 537-8, 188 A. 356. The purpose of this provision is to prevent the likelihood or possibility of the overtaking vehicle running into a vehicle in the line ahead of him turning into the intersecting street, or into a vehicle on the intersecting street waiting or about to cross or turn into the line of traffic. It applies just as well to a T intersection as a complete intersection (see definition of “intersection” in section 102), and is especially applicable where the overtaking vehicle attempts to pass
 
 on the side newt to the intersecting street.
 
 Secondly, in the absence of two or more
 
 marked
 
 lanes for movement of westbound traffic — and there was no proof of such
 
 marked
 
 traffic lanes in this case — it was negligence to attempt to pass the cars ahead of him on the right instead of on the left. (Sec. 1008 of the Motor Vehicle Act aforesaid). And, thirdly, it was negligence to run into a standing vehicle, in plain view, which was so placed as to leave room enough to permit the line of traffic to pass in front of it. See
 
 Joannides v. Norris,
 
 146 Pa. Superior Ct. 488, 23 A. 2d 53, where we permitted a recovery against the driver of an automobile who ran into a street vendor’s push cart, which was at rest in the roadway of a street,
 
 *499
 
 and thereby injured its owner who was standing there with his cart, waiting to cross to the other side of the street.
 

 The appellee’s suggestion that the plaintiff’s testimony was indefinite, in that he did not state whether the three cars which passed his standing car went by in succession or three abreast is scarcely worthy of notice. Of course, they passed him in a line, one after another — that is apparent from the evidence regarding the street. But if they had passed him three abreast, the defendant’s negligence would be all the greater, for then with that much clear space títere could be no possible excuse for his running down the plaintiff’s standing car.
 

 The plaintiff’s case did not disclose such contributory negligence, on the driver’s part, as justified the court in ruling upon it as matter of law.
 

 The assignment of error is sustained. The order of the court below is reversed and a new trial is awarded.