Rieck-McJunkin Dairy Company, Appellant, *v.* George et al., Trustees.

Argued November 12, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*H. A. Robinson,* with him *Dickie, Robinson & Mc-Camey,* for appellant.

*William J. Lancaster,* for appellees.

OPINION BY HIRT, J., January 8, 1948:

Plaintiff's truck had been parked close to the east curb of McClure Avenue in Pittsburgh when it was struck by defendant's street car approaching from the rear. The jury in this action found in favor of the plaintiff for the cost of repairing its truck. Defendant's negligence is conceded. The motorman admitted that he had observed the truck near the car track but was unable to stop the street car in time to avoid the collision because of defective brakes. On a review of the case the court en banc concluded that the testimony convicted plaintiff's driver of contributory negligence as a matter of law, and accordingly entered judgment for the defendant notwithstanding the verdict. We think this was error; the judgment will be reversed.

The facts are not disputed. The Railway Company maintains two sets of tracks in McClure Avenue for outbound and inbound traffic. The cartway is 30 feet wide between curbs. It is but 7 feet 7½ inches from the east curb to the nearest rail of defendant's outbound track. Plaintiff's truck, 85½ inches wide, was within the maximum width permitted by §902 of The Vehicle Code as amended by the Act of June 29, 1937, P. L. 2329, 75 PS 452(a). Within 300 feet of the place of the collision there are a number of dwelling houses and at least 15 mercantile or other business establishments fronting on the east side of McClure Avenue.

Shortly after noon on October 1, 1945, a clear bright day, plaintiff's truck, loaded with dairy products was proceeding northwardly in McClure Avenue. The driver brought the truck to a stop in front of Kozar's Market with the right wheels against the east curb. In that position the body of the truck extended into the cartway to within six inches of the nearest rail of defendant's outbound track. The overhanging body of the street car struck and damaged the truck. Plaintiff's driver was making a daily delivery of milk to Kozar's Market and had stopped at the curb in front of the market for that purpose. He had carried three cases of milk into the market and was momentarily waiting to be paid for them when the street car ran into the truck. There was no other place in the cartway of McClure Avenue in the vicinity of Kozar's Market where the driver could have parked his truck with sufficient clearance to avoid being struck by either an inbound or outbound street car. The intersecting street nearest Kozar's Market where plaintiff's truck could have been parked off McClure Avenue was at least 300 feet away. A case of milk weighs 62 pounds. In our view, there clearly was no legal obligation on plaintiff to have its driver tote each of the three cases of milk for a distance of 300 feet to the market to avoid the possibility that its truck might be damaged by defendant's negligent operation of one of its street

cars, if parked in McClure Avenue, even for the short time required for making a delivery.

The Motor Vehicle Code, as amended June 5, 1937, P. L. 1718, in §1020, 75 PS 612, provides: "No person shall park a vehicle, or permit it to stand, whether attended or unattended, upon a highway in any of the following places:"—among them—"Where such stopped or parked vehicle would prevent the free movement of a street car". The lower court entered judgment in defendant's favor on a literal application of the above prohibition isolated from other provisions of The Motor Vehicle Code and without regard to the favorable inferences from the testimony to which the plaintiff was entitled under the verdict. "Parking" is defined in Art. I, §102 of the Code, 75 PS 2, as *"The standing of a vehicle, except police or fire department vehicle or ambulance, whether occupied or not, upon a highway otherwise than temporarily for the purpose and while actually engaged in loading or unloading . . ."* "Parking" of a vehicle, under the definition is synonymous with "permitting it to stand" upon a highway.

Plaintiff in claiming immunity from the application of §1020 of the Code had the burden of satisfying the jury that the parking of its truck was such as was allowed by the statute. *Bricker v. Gardner,* 355 Pa. 35, 48 A. 2d 209. This burden of proof was clearly met. At most, even from the defendant's viewpoint, the question whether plaintiff's truck was *parked* within the meaning of the Vehicle Code for unloading was a question of fact for the jury and the jury in this case, on adequate instructions, resolved that issue in plaintiff's favor. But regardless of that finding we would be obliged to come to the same conclusion on the undisputed facts in this case as a matter of law. Plaintiff's driver had carried the cases of milk into the market, one at a time, and had returned two empty cases to the truck. The truck had been parked there, for not more than five minutes, and the driver was waiting to be paid for the milk

before returning the third empty case to the truck, when the collision occurred. It is sophistry to argue that plaintiff is barred from recovery because at the moment of defendant's tortious act its driver was not actually loading or unloading his truck. The delay incident to obtaining payment for a C. O. D. delivery of goods is clearly so much a part of unloading goods from a truck as to exempt the vehicle under the exception of §102 of the Vehicle Code, supra. This conclusion is in line with the construction of §1020 of The Motor Vehicle Code in relation to a parked vehicle within the definition of §102 of the Act in *Ennis v. Atkin et al.*, 354 Pa. 165, 47 A. 2d 217.

The case of *Metz v. Pittsburgh Rwys. Co.*, 135 Pa. Superior Ct. 534, 7 A. 2d 505, which the lower court regarded as controlling, is in no sense applicable. In that case the coal truck was not being loaded or unloaded while standing on the street car track. Moreover the truck could have been parked elsewhere in the highway without interfering with the free movement of the street car which collided with it.

Judgment reversed and here entered on the verdict.