# Reynolds, Appellant, v. Philadelphia Transportation Company.

Argued March 25, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Melvin Alan Bank*, with him *Samuel Polsky*, for appellant.

*Harpur M. Tobin*, with him *Bernard J. O'Connell*, for appellee.

OPINION BY HIRT, J., July 15, 1949:

In this action in trespass the jury found for the plaintiff in an amount compensating him for injuries to his person. The court, however, entered judgment in favor of the defendant n. o. v. The judgment will be affirmed.

In the light of the verdict these facts appear: Plaintiff was the driver of a truck in the service of the City of Philadelphia, used to cart away ashes from a residential section of the city. About 8:00 a.m. on February 19, 1947, while driving the truck eastwardly along Kingsessing Avenue between Sixty-first and Sixtieth Streets, plaintiff turned his truck to the south curb in front of a parked automobile, in a position where his helpers could conveniently load a quantity of ashes from the sidewalk on to the truck. When the truck stopped it was parked with the right front wheel against the curb with the body of the truck extending out into the cartway at an angle of about 45 degrees. The defendant transportation company has trolley tracks in Kingsessing Avenue. A few minutes after plaintiff's truck came to a stop, an eastbound street car struck the left rear corner of the body of the truck and plaintiff, who was standing on the truck, was thrown from his feet by the force of the impact and was injured. He testified that he observed the truck after parking it as he did, and concluded that it was clear of the trolley tracks. In his judgment no part of the truck was in danger of being struck by a passing street car. And the collision itself

was the first notice plaintiff had that a trolley car could not pass his truck without striking it.

The testimony of defendant's motorman, though not relevant to the issue of the validity of the judgment, when read in connection with plaintiff's testimony emphasizes the reason for the principle enunciated in *Patton v. Traction Co.*, 132 Pa. 76, 20 A. 682, which rules this case. The motorman testified that on seeing the truck pull to the curb, "I slowed down and looked out to make sure there was clearance, and I was positive there was clearance". Here then, as in the *Patton* case both made the same miscalculation. The front of the street car, in passing, escaped the truck but the body of the street car back of the front door came in contact with an iron rod or stanchion at the left rear corner of the body of the truck forcing the truck up onto the sidewalk. Here also, as in the *Patton* case, the plaintiff and the defendant owed the same duty to each other and it follows that the injury resulted from the concurrent negligence of both, or else neither was negligent.

The principle of the *Patton* case has been consistently applied. In *Hause v. Lehigh Val. Transit Co.*, 38 Pa. Superior Ct. 614, the plaintiff stopped his automobile at a toll gate so near the trolley tracks that an approaching street car struck it. The unobstructed roadbed between the track and the toll house was fifteen feet wide. The driver could have stopped his automobile in a place of safety. Plaintiff's mistaken belief that his automobile was not in a position of danger did not excuse him. Recovery was denied. In *Reidel and Fishel v. P. R. T. Co.*, 103 Pa. Superior Ct. 387, 157 A. 36, on the authority of the *Patton* case, it was said: "As the truck driver voluntarily placed his truck where he thought there was sufficient space to enable the street car to clear the truck, but misjudged the distance, the owner of the truck cannot complain if the street car motorman also misjudged the same distance when he attempted to clear

the truck; it is definitely settled that in that aspect of the evidence, there can be no recovery". And in *Maddock & Maddock v. P. R. T. Co.,* 103 Pa. Superior Ct. 406, 157 A. 629, under circumstances similar to those in the instant case, a plaintiff was held guilty of contributory negligence as a matter of law, barring recovery.

There are exceptional circumstances which will relieve a driver from the charge of contributory negligence in parking his truck on the highway where it may be struck by a passing street car. Cf. *Rieck-McJunkin Dairy Co. v. George et al.,* 162 Pa. Superior Ct. 132, 56 A. 2d 261, in which recovery was allowed. The principle of those cases, however, does not come to the aid of the present plaintiff in the circumstances presented by this appeal.

Judgment affirmed.